UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TINA COATES,

       Plaintiff,

   v.                           Case No:   2:15-cv-549-FtM-DNF

CAROLYN COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

## OPINION AND ORDER

Plaintiff, Tina Coates, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), the parties filed legal memoranda setting forth their respective positions, and Plaintiff filed a reply to Defendant's memorandum. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

### I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

#### A.  Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*.   In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989).  There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE").  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for a period of disability and DIB on July 22, 2011, alleging an onset date of November 9, 2009.  (Tr. 98, 151, 173, 175).  Plaintiff's application was denied initially on September 8, 2011, and upon reconsideration on November 9, 2011.  (Tr. 126-30, 133-37).  Plaintiff requested a hearing and on January 23, 2014, a hearing was held before Administrative Law Judge Maria C. Northington ("the ALJ").  (Tr. 29-69).  On February 25, 2014, the ALJ entered an unfavorable decision finding that Plaintiff was not disabled from November 9, 2009, through the date of the decision.  (Tr. 9-28).  Plaintiff appealed the ALJ's decision and, on August 15, 2015, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6).  Plaintiff initiated the instant suit by Complaint (Doc. 1) filed on September 10, 2015.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 9, 2009, the alleged onset date.  (Tr. 14).  At step two, the ALJ found that Plaintiff had a single severe impairment, fibromyalgia.  (Tr. 14).  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-18).

Before proceeding to step four, the ALJ found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform

> a wide range of light work with the ability to occasionally lift and/or carry up to 20 pounds as defined in the Dictionary of Occupational Titles (D.O.T.) and regulations, as well as, lift carry 10 pounds frequently. This includes sedentary work as defined in the Dictionary of Occupational Titles (D.O.T.) and the regulations. The claimant has no limits for sitting in an eight-hour workday. She is capable of standing and/or walking for up to six hours in an eight-hour workday. She is able to perform occasional postural functions of climbing ramps and stairs, kneeling, crouching, and stooping. She is able to perform no crawling and no climbing of ladders, ropes, scaffolds. The claimant is to perform no overhead lifting, no overhead carrying and no overhead reaching with upper extremities. In the course of work, she is to have no exposure to extremes of heat, humidity, or cold temperatures. The claimant retains the capacity to understand, remember, and carry out at least SVP 3-4 instructions and perform SVP 3-4 tasks as consistent with semi-skilled work. The claimant is able to perform sustained work activity on a regular and continuous basis for eight hours per day, forty hours per week.

(Tr. 18). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a fast food worker and retail sales/office clerk, as this work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 20). The ALJ concluded that Plaintiff was not under a disability from November 9, 2009, though the date of the decision. (Tr. 23).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by not assessing Plaintiff's RFC in accordance with Social Security Ruling 12-2p; and (2) whether the ALJ erred in not affording proper deference to the findings and opinions of Plaintiff's treating physician, Jack Clark, D.O. The Court will address each issue in turn.

### a) Whether the ALJ erred by not assessing Plaintiff's RFC in accordance with Social Security Ruling 12-2p.

Plaintiff argues the ALJ erred by failing to properly assess Plaintiff's functional limitations in accordance with Social Security Ruling (SSR) 12-2p. (Doc. 16 p. 11). Plaintiff contends that

the ALJ improperly used the medical evidence in a manner that is inconsistent with the ALJ's diagnosis of fibromyalgia to attack Plaintiff's credibility.  (Doc. 16 p. 12).  Plaintiff argues that the ALJ erred by improperly utilizing non-fibromyalgia criteria to discredit Plaintiff's complaints of pain, failed to accept the importance of trigger point findings, and failed to consider several non-exertional limitation's caused by Plaintiff's fibromyalgia.  (Doc. 16 p. 14-20).

In response, Defendant argues that substantial evidence supports the ALJ's finding that, while Plaintiff's fibromyalgia was a severe impairment, Plaintiff still retained the RFC to perform a reduced range of light, semi-skilled work.  (Doc. 17 p. 4).

SSR 12-2p, entitled "Titles II and XVI: Evaluation of Fibromyalgia", "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how we evaluate FM in disability claims and continuing disability reviews under Titles II and XVI of the Social Security Act." 2012 WL 3104869.  The ruling sets forth the criteria that must be established for fibromyalgia to be found to constitute a MDI.  SSR 12-2p lists two sets of criteria established by the American College of Rheumatology ("ACR") for evaluators to use in determining fibromyalgia cases:  (1) *The 1990 ACR Criteria for the Classification of Fibromyalgia;* and (2) *The 2010 ACR Preliminary Diagnostic Criteria*. The pertinent criteria includes the following:

(1) *The 1990 ACR Criteria for the Classification of Fibromyalgia*

• History of "widespread pain" that has persisted for at least three months.
• Of the eighteen tender points, at least eleven, on examination, must be found "positive."
• "Evidence that other disorders that could cause the symptoms or signs were excluded."

(2) *The 2010 ACR Preliminary Diagnostic Criteria*

• History of "widespread pain" that has persisted for at least three months.

> • "Repeated manifestations of six or more..." fibromyalgia symptoms, signs, or co-occurring conditions
> • "Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded".

SSR 12-2p, 2012 WL 3104869, at *2, 3.  In addition, SSR 12-2p provides that how fibromyalgia is to be considered in formulating a claimant's RFC:

> We base our RFC assessment on all relevant evidence in the case record. We consider the effects of all of the person's medically determinable impairments, including impairments that are "not severe."  For a person with FM, we will consider a longitudinal record whenever possible because the symptoms of FM can wax and wane so that a person may have "bad days and good days."

2012 WL 3104869, at *6.

As Plaintiff acknowledges, the ALJ found that fibromyalgia was a MDI and a severe impairment at step two.  (Tr. 14-15).  Plaintiff's arguments are concerned with the ALJ's treatment of Plaintiff's fibromyalgia in formulating the RFC determination.   The ALJ explained in her decision that

> [c]oncerning Plaintiff's complaints of fibromyalgia pains, the record showed that claimant's condition was not consistently severe or causing more than minor limitations.   Physical examination including musculoskeletal function, sensation, motor strength, reflexes, and gait in 2010 was unremarkable.   Throughout the record claimant indicated walking a mile daily for exercise and was able to ride a bike.  Claimant consistently performed substantial activities of daily living adequately and without assistance as described earlier in the opinion.   Physical examination by Dr. Clark from 2010 to 2013 regularly and consistently showed no joint inflammation, motor weakness, or edema.  No significant clinical signs but for claimant's reports of pain on trigger point testing were observed.  X-ray of claimant's ribs, thoracic spine, and chest in April 2012 were unremarkable but for mild degenerative changes.  X-ray of the claimant's femur and pelvis were unremarkable but of osteopenia.  (2F, 3F, 4F, 7F, 10F, 11F, 13F, 14F, 16F, 17F).

(Tr. 19).  Earlier in her decision, the ALJ noted that Plaintiff lives alone, is able to clean, sweep, mop and cook as necessary, spends time regularly watching movies and using a computer, travels

out of state, cares for multiple animals, performs yard work, shops in public as necessary and interacts with family locally.  (Tr. 17).

Here, the Court finds that Plaintiff has failed to show that remand is appropriate because the ALJ failed to properly assess Plaintiff's RFC in accordance with SSR 12-2p.  The ALJ's decision makes clear that the ALJ thoroughly reviewed the medical evidence pertaining to Plaintiff's fibromyalgia, but determined that her fibromyalgia did not preclude her from performing the RFC as assessed.  Substantial evidence supports this determination.  The ALJ's analysis shows that her decision to find Plaintiff not entirely credible was based on the inconsistency of Plaintiff's activities of daily living with her alleged limitations caused by fibromyalgia.  *See* 20 C.F.R. § 404.1529(c)(3)(i); *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

It is the claimant's burden of proof through step four to demonstrate that she is disabled.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F.App'x 913, 915 n.2 (11th Cir. 2013).  A diagnosis of fibromyalgia and an ALJ's finding that fibromyalgia is a severe impairment does not alter this burden.  In this case, Plaintiff has failed to show that her fibromyalgia caused her limitations greater than those formulated by the ALJ in her RFC finding.

> **b)  Whether the ALJ erred in not affording proper deference to the findings and opinions of Plaintiff's treating physician, Jack Clark, D.O.**

Plaintiff argues that the ALJ erred by giving "no weight" to Dr. Clark's opinion because the ALJ failed to comply with 20 C.F.R. § 404.1527 and SSR 96-2p.  (Doc. 16 p. 22).  Plaintiff argues that the ALJ mischaracterized Dr. Clark's opinion as being wholly inconsistent with what are wrongly described as "unremarkable" examinations.  (Doc. 16 p. 23).  Citing to *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1336 (M.D. Fla. 2003), Plaintiff contends that the ALJ should

have acknowledged that Dr. Clark's opinion was "especially important" due to the unique nature of fibromyalgia.  (Doc. 16 p. 22).

In response, Defendant argues that substantial evidence supports the ALJ's rejection of Dr. Clark's opinion because it was inconsistent with his own treatment notes and objective medical imaging.  (Doc. 17 p. 21).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted).  The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011).  Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The weight afforded a medical source's opinion depends upon the examining and treating relationship the medical source had with the claimant, the evidence presented to support his or her opinion, how consistent the opinion is with the record as a whole, the medical source's specialty, and other factors.  *See* 20 C.F.R. § 404.1527.  The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004).  The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported

a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

The record shows that Dr. Clark complete a Physical Capacity Evaluation on Plaintiff's behalf on September 18, 2012. (Tr. 548-49). Dr. Clark opined that Plaintiff could stand/walk 3 hours at one time and/or throughout the day in an 8 hour work day; could sit 2 hours in an 8 hour work day at one time and/or total throughout the day; and could lift up to 10 pounds occasionally during a work day. (Tr. 548). Dr. Clark found that Plaintiff could not use her hands for repetitive simple grasping, pushing and pulling, and fine manipulation; could not use her feet for repetitive movements; could not bend, squat, crawl, and climb; and could only reach above shoulder level with the left arm only. (Tr. 548-49). Dr. Clark opined that the limitations set forth in his opinion were effective as of November 9, 2009. (Tr. 549).

In her opinion, the ALJ provided the following explanation for rejecting Dr. Clark's opinion:

> As for the opinion evidence, Dr. Clark opined in September 2012 that the claimant was limited to less than the full range of sedentary work, claimant was not able to bend, squat, crawl, or climb whatsoever, and that these limitations extended back to November 2009 (12F). This opinion is given no weight as it is wholly inconsistent with Dr. Clark's own treatment notes which show consistently unremarkable physical examinations but for claimant's reports of mild pain on trigger point testing. Diagnostic imaging of claimant's spine is also not consistent as it shows very minimal degenerative changes (12F).

(Tr. 20).

In this case, the Court finds that substantial evidence supports the ALJ's determination that Dr. Clark's opinion was entitled to no weight. As noted by the ALJ throughout her opinion, Dr. Clark's treatment notes showed largely unremarkable physical examinations but for Plaintiff's reports of pain on trigger point testing. (Tr. 20, 410-15, 417-20, 422-25, 522-23, 553, 557, 562-

64, 571-75, 579-80, 583-84, 586-87, 590-91, 595, 598-99). These physical examination findings, which do not contain any mention of functional limitations, are inconsistent with Dr. Clark's opinion. The ALJ presented good cause for rejecting Dr. Clark's opinion and the Court will not disturb her findings on appeal.

### III.  Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties